*Fall 1809, First District.*

*Caisergues vs. Dujarreau.*

---

## CAISERGUES vs. DUJARREAU.

The plaintiff in this case claimed the sum of eighteen thousand seven hundred dollars on a mortage.

*Conventional interest, when not above the customary rate, is lawful.*

*Alexander* for the defendant. The mortgage is void, for the interest was included in, and made part of the principal, and computed at twelve per cent, which is more than the law allows. *Recopilacion de las leyes de Castilla.*

*Mazureau* for the plaintiff. I. Even admitting that the contract is usurious, and that it is unlawful to include principal and interest in the

FALL 1809,
First District.

CAISERGUES
*vs.*
DUJARREAU.

mortgage, yet the debtor ought to be condemned to the payment of the principal.

ALL usurious contracts are void, says *Febrero*, execution cannot issue on them, for usury may be pleaded against them. But this relates to the interest only, and as to the principal, execution is ordered for it, notwithstanding the disposition of the Recopilation—because as to what is divisible, *utile per inutile non vitiatur.* 2 *Febrero de Escrituras* 32, *n.* 37.

IN this case the division of the principal from the interest is made in the answer to the interrogatories filed by the defendant.

SEE farther *Curia Philip.* 350, *n.* 36, *Illustr. a la Cur.* 217, *n.* 33, *Siguenza, Lib.* 1. 79, *n.* 5 *Partida, l.* 31 *tit.*

II. THE dispositions of the laws prohibiting the loan at interest, preserved in the Recopilation, are abrogated.

THE instructions, says *Martinez,* of the visiters in the bishopric of Toledo are the same as those given in the other bishoprics, after those established in the Synod, in 1620, by the Archbishop Don Ferdinand, Infant of Spain. When they will have to proceed against usurers, they shall not consider as such those who lend money at interest according to the usage of trade, at two and a half or three per cent. 2 *Libreria de Juez* 146, *n.* 31. Such contracts are lawful and are executed in all the tribunals of Spain, by virtue of a Royal Resolution of the 4th of July

1764. Interest then according to the usage of commerce is lawful. It varies according to times and circumstances. 8 *Martinez* 145, *n.* 44.

IT is forbidden by one of the laws of the Recopilation to lend money to shop-keepers and merchants, to employ it in their own affairs, unless the lender share the loss or profit. It was also heretofore forbidden to take interest on monies deposited with, or lent to merchants, even under the pretence of *lucro cessante*, or *damno emergente*, and this under the forfeiture of the money lent and the nullity of the contract. But, at this day, he who loans, holding his money, as it is practised and presumed, for his utility and to make advantage of his own industry, may stipulate for the payment of the interest, and the contract is lawful and obligatory *in foro exteriori*, and judgment is to be given accordingly, in obedience to a Royal Schedule, given at *Buen Retiro*, July 10, 1764. 2 *Febrero de Ecrituras, p.* 27, *n.* 28.

III. INTEREST may be lawfully stipulated in the contract of loan, and the rate of it is regulated according to circumstances and the usage of trade.

THE lender, says *Febrero*, may take more than the principal, without being guilty of usury, and the Notary, consequently execute the writings for it, in six cases besides the one expressed in

B

FALL 1809,
First District.

CAISERGUES
vs.
DUJARREAU.

*no.* 28—The first * * * * *, the third, on account of the risk or reasonable apprehension of losing the principal or the probable difficulty of recovering it.   2 *Febrero de Escrituras* 32, *no.* 28, *Politica Indiana lib.* 6. *cap.* 14. *p.* 502, *n.* 21. *Illustr. a la Curia* 216, *in finem.*

IN this case it is in evidence that the defendant was in bad circumstances, and his plea is not evidence of good faith.

IV.  THE debtor who pretends to avoid paying the principal, on the plea of usury, must fail; for independently of what I have advanced as my first proposition, if the law denounces any penalty against the lender, the same is also incurred by the borrower.

IN *foro seculari*, says the author of *Curia Philipica*, the punishment of usury is perpetual infamy, and the loss of the principal for the benefit of the borrower.

AND by a new pragmatic (dated May 1, 1608 and published at Madrid the 8th. of the same month) this penalty, and the application of it have been altered.  The lender is for the first time to forfeit his money—one third to the king, one third to the judge and the other to the informer, and the borrower incurs the penalty *de otro tanto. Cur. Phil.* 352, *n.* 40. *Illustr. a la Cur.* 218, *n.* 37.

*By the Court,* LEWIS, *J. alone.*  There appear

to be two kinds of interest known to the laws of Spain, viz: judicial and conventional.

I UNDERSTAND judicial interest to be a certain rate of interest established and declared by a general law of the country, to be computed from the time of the judicial demand, in all cases in which no express stipulation has been made.

By conventional interest, I understand a certain rate of interest agreed upon by the parties which may be more or less than the rate established by the general law of the country, according to the custom and usage of particular places, which is always regulated according to the relative value of the sum loaned and the profits arising from the use.

As the law of Spain, which is to form the rule of decision in this case, recognizes two kinds of interest, it would be absurd to suppose that both were to be computed at one and the same rate. The commerce of that monarchy being confined to a few places, the general established interest of the country would not give the same relative proportion of gain to the lender and borrower in every town; because in commercial parts the borrower often makes fifty per cent. and more, on the sum loaned, and the lender receives but five, and in other parts that are not commercial, five per cent. would not be more than a relative premium. It is for this reason, I conclude, that the laws of Spain have permitted the general rate of interest to be departed from,

FALL 1809,
First District.

by special agreement, as advantages resulting from the use of circulating medium in particular places may inhance its value.

USURY is forbidden in Spain; and I know no other interpretation to give to that word, than the taking a greater rate of interest upon a loan than is fixed by positive law, or established and permitted usage.

THE quantum of interest is claimed by the plaintiff on the ground of a special agreement, which to be usurious must exceed the customary rate of interest at the time it was made. Let therefore a jury be impanelled to ascertain that fact.

THE jury found the commercial interest, at the time of the loan was, according to usage, ten per cent. Two per cent. per ann. were accordingly deducted.