Martin, J.
delivered the opinion of the court, Mathews, J. dissenting. The defendant’s counsel contends, that the present case is not one in which a court of justice is to yield its aid to the plaintiff. Nemo allegans suam-turpitudinem est audiendus-that the right of the plaintiff", admitting that he has any, arose ex turpi causa, ex dolo malo-that her possession ought to be protected: courts of justice always *163 assisting a party to whom an estate has been voluntarily conveyed, in retaining and some times in obtaining it.
A majority of this court is of opinion that, however conducive to the exdirpation of fraud, a decision in favor of the defendant might be, it would be contrary to the principles which have hitherto prevailed, and which they do not deem themselves at libertys to disregard.
The maxims allegans suam turpitadinem non est audiendus-ex dolo molo, ex turpi causá non oritur actio-in pari delicto melior est con-ditio possidentis, appear indeed to have been applied where a plaintiff sought the price or reward stipulated in an illegal or immoral agreement e. g. if any thing be given to a judge to corrupt him, or even to induce him to decide in favor of the giver, even in a good cause: ut male judicetur, ff. 12, 63-ut secundum me in bona causa. Cod. tit. 3-or, in a similar case, to a witness: dic idem in teste, eod. loc. n. 7. In such cases the plaintiff is not allowed an action to recover what he has absolutely given; neither could any thing thus stipulated for and not paid, be recovered; but no where do we find that any thing parted with temporarily, ob turpem causam, is not to be recovered.
*164 In the French tribunals, property avowedly transferred, for the purpose of being kept from the reach of creditors, is allowed to be recovered by judicial process, of the transferee refuses to re-convey See the cases, cited by the plaintiff's counsel, ante 158.
Under the late territory of Orleans, the principal and legal interest was allowed to be recovered on a contract, on which illegal interest had been stipulated-an illegal contract, ex turpi causa. Caisergues vs. Dujarreau, 1 Martin, 7.
Courts of chancery, in England, allow the lender, on an usurious contract, his principal and legal interest, when the borrower brings him before them.
Money paid to obtain a place is allowed to be recovered. Douglass, 471. So the premium in the case of an illegal insurance, before the event on which the suit depends. Tenant vs. Elliott, 1 Bos. & Puller, 3. So the money staked on an illegal wager, before the contingency happens. Lacaussade vs. White, 7 T. R. 535, Cotton vs. Thurland, 5 T. R. 405.
In all these cases, the court lent their aid to the plaintiff, who sought to extricate himself from difficulties in which he found himself, in consequence of his violation of the law-of his having entered into a forbidden contract. We contract. We *165 are unable to discover any distinction between these and the case before us. But the counsel of the defendant further contends, that courts of justice never yield their aid to those who seek to prevent the execution of the law, or. which is the same thing, to prevent the execution of the judgment of a competent tribunal.
The case of Hanway vs. Eve, 3 Cranch, goes as far as any to establish this position. But there again the plaintiff sought to recover that which could never have been obtained, without a violation of an art of congress.
In all the cases we have cited, the plaintiff sought to countervail and violate the law, and had actually violated it. It forbids stipulating for interest above the legal rate-the party who had done so, had violated it, and was relieved. It forbids the purchase of offices and to give or receive money to be appointed or to appoint thereto : in the case cited from Douglas, the plaintiff, having given money to obtain a place, had violated the law; but, having failed to obtain it, was relieved. It forbids illegal wagers and insurances; and in the cases cited from the English term reports, plaintiffs who had paid money on such illegal contracts, broke the law, and were heard in court.
In the present case, the plaintiff sought to Est'n District. *166 avert the consequences of threatened or impending prosecutions, covered his property, and re integra died. His case is perfectly similar to those we have just cited.
We find no instance in which a plaintiff similarly situated was denied relief, except under the common law of England, and the statute of Elizabeth, which declare fraudulent conveyances binding on the parties. But neither the principle of the common law of England, nor the disposition of the statute of Elizabeth, are known to the laws of this state, and we are bound to disregard them.
It is, therefore, ordered, adjudged and decreed, thru the judgment of the parish court be affirmed, with costs.